JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff GARRIAN DESHONE ADAMS
Individually and on behalf of all others similarly situated.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

GARRIAN DESHONE ADAMS individually and on behalf of all others similarly situated,

Plaintiff,

v.

ARAMARK SERVICES, INC., a Delaware Corporation; and DOES 1-50, inclusive,

Defendants.

**CASE NO.: 3:25-cv-08903-SK**
*Hon. Sallie Kim*

**FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382:**

1. **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194**
2. **Failure to Pay Timely Wages Required by Labor Code § 203**
3. **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**
4. **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff GARRIAN DESHONE ADAMS, ("Plaintiff"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this amended Complaint against Defendants ARAMARK SERVICES, INC. and DOES 1-50, inclusive (collectively "Defendants") and alleges on information and belief as follows:

## I. JURISDICTION AND VENUE

1. This class action is brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

2. This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not give jurisdiction to any other court.

3. This Court has jurisdiction over Defendants because, upon information and belief, each Defendant either has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

4. The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

5. Venue is proper in this Court because upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this County and/or the acts or omissions alleged herein took place in this County.

## II. PARTIES

6. Plaintiff GARRIAN DESHONE ADAMS, was, at all times relevant to this action, a resident of California. Plaintiff was employed by Defendant in approximately June 17, 2024 as a Non-Exempt Employee with the title of Driver II and worked during the liability period for Defendant until Plaintiff's separation from Defendant's employ in approximately August 16, 2024. Plaintiff's duties included, but were not limited to delivering products from trains location to location.

7. During his employment, Plaintiff regularly worked alongside other non-exempt employees, including other Driver II employees and warehouse workers, who performed similar job duties. Plaintiff observed these employees performing similar pre-shift and post-shift tasks, including waiting in line to clock in, donning and doffing required protective gear, and using personal cell phones for work-related communications. Plaintiff also spoke with co-workers who reported experiencing similar issues with off-the-clock work, lack of reimbursement for business expenses, and unpaid wages.

8. Defendant ARAMARK SERVICES, INC. operates as a food service business. Plaintiff estimates there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last year.

9. Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capacities are ascertained.

10. Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects

pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

## III. CLASS ACTION ALLEGATION

11. Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are defined as follows:

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

12. Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who are or were employed by Defendants at any time between August 2024 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

> **Sub-Class 2:** All Class Members who have been employed by Defendants at any time between August 2022 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")

> **Sub-Class 3:** All Class Members who are or were employed by Defendants who incurred work related expenses as a result of the discharge to their duties and who did not receive reimbursements from Defendants for such expenses (hereinafter collectively referred to as the "Reimbursement Subclass").

13. Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

14. The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

15. There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

16. Numerosity. The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown

to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

17. Commonality. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions arise from Defendant's uniform policies and practices that applied to Plaintiff and other similarly situated non-exempt employees. These common questions include, but are not limited to:

i. Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii. Whether Defendants failed to maintain accurate time record including recording Plaintiff and Class Members' meal periods pursuant to California Labor Code §§ 1174.5 and the applicable IWC Wage Orders;

iii. Whether Defendants failed to accurately pay overtime to Plaintiff and Class Members;

iv. Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226;

v. Whether Defendants violated Business and Professions Code and Labor Code §§ 201-203, 510, 512, 558, 221, 226, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

vi. Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code §§ 558, 1194 and 1197.

vii. Whether Plaintiff and the Class Members are entitled to retroactive pay for unpaid wages;

viii. Whether Plaintiff and Class Members were not paid timely upon separation from their employ with Defendants, pursuant to Labor Code section 203;

ix. Whether Defendants made unlawful deductions from wages without written

authorization;

18. Typicality. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

19. Adequacy. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

20. Superiority. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

21. Public Policy Considerations: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out

of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## IV. FACTUAL ALLEGATIONS

22. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

23. Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

24. Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the job duties related to Defendant's food service business.

25. Although non-exempt employees held different job titles, they were subject to the same timekeeping systems, compensation structures, and operational requirements, including shared policies regarding clocking in, performing pre and post-shift work, use of personal devices for work purposes, and reimbursement of business expenses.

26. Defendants implemented centralized and uniform timekeeping, compensation, and reimbursement policies applicable to non-exempt employees. These policies included, but were not limited to: (1) requiring employees wait to clock in using a shared timekeeping system; (2) prohibiting early clock-in; (3) requiring employees to perform work-related tasks off-the-clock, including communications and preparatory activities; (4) requiring the use of personal cell phones for work purposes; and (5) failing to reimburse employes for necessary business expenses, including protective gear and cell phone usage.

27. Plaintiff's knowledge of Defendant's policies and practices is based on his personal experience, observations of other employees, and conversations with co-workers who performed similar job duties and were subject to the same timekeeping, compensation, and reimbursement practices.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

29. Plaintiff is informed and believes that during the relevant time-frame, all Class Members are citizens of the state of California.

30. During the relevant time-frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

31. In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the employee's correct rate of pay per hour for overtime.

32. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

33. Defendant failed to pay Plaintiff and Class Members on-call shift pay. Plaintiff had to call the company to see if he was on the schedule to work the same day or next day. Plaintiff had to remain on call approximately three (3) times and other co-workers were subject to the same practice of Defendant's while on-call.

34. Plaintiff is informed and believes that Plaintiff and Class Members were not compensated for all time worked as Plaintiff and Class Members as a result of off-the-clock work to conduct pre-shift work activities. For instance, approximately 2-3 times per week, Plaintiff and other similarly situated non-exempt employees were required to wait in line for the Kronos time clock box to become available to record the start of shifts. Plaintiff was prohibited from clocking in early. Plaintiff also observed that fellow employees were unable to clock in at the start of their shifts due to limited availability of time clocks, and employees were prohibited from clocking in

early. As a result, employees routinely performed off-the-clock work.

35. Further, Plaintiff is informed and believes that Plaintiff and Class Members were not compensated for all time worked as Plaintiff and Class Members as a result of off-the-clock work. For instance, Plaintiff and Class Members were required to keep personal cell phones on their person and use personal cell phones for work-related activities such as texting and calling supervisors and management, taking photos, and communicating with co-workers. Plaintiff also had to call the Company to see if he was on the schedule, using his personal cell phone. Plaintiff observed other employees using their personal cell phones in the same manner, as required by the company.

36. Plaintiff and Class Members were also not compensated for time spent off-the-clock conducting training. Plaintiff and other Drive II employees were required to go through training on the forklift, but were not compensated for this time.

37. Similarly, Plaintiff and Class Members were not compensated for orientation pay.

38. Defendants engaged in a policy and practice of requiring training for their non-exempt employees, but failing to pay for such time spent training. Plaintiff and Class Members were required to attend particular trainings and orientations, but were not paid for their time accordingly.

39. Plaintiff and Class Members were subject to Defendant's uniform timekeeping, compensation, and reimbursement policies described herein.

40. On information and belief, during the relevant time frame, Defendants failed to adequately reimburse Plaintiffs and Class Members for business expenditures incurred for the use of required protective gear for the job. For example, Plaintiff and Class Members were required to wear protective gear such as steel-toe boots, reflective vests, gloves, hard hat, and safety goggles. Defendant failed to reimburse Plaintiff for the required purchase of the gear. Such business expenditures incurred were incurred in direct consequence of Plaintiff's and Class Members' duties pursuant to Labor Code § 2802.

41. Plaintiff and Class Members were also not compensated for time spent donning and doffing their protective gear. For instance, Plaintiff was required to put on protective gear,

including a company uniform with the company logo, prior to clocking in. Plaintiff was also required to take off the protective gear after clocking out, as was other non-exempt employees in similarly situated positions. Employees were to store protective gear in lockers provided at the jobsite. The lockers were located before the time clocks. Plaintiff observed that fellow employees stored their gear in the lockers located before the time clocks and were required to put on gear prior to recording their time, resulting in uncompensated work time. Defendant failed to compensate Plaintiff and Class Members for time spent donning and doffing protective gear.

42. On information and belief, during the relevant time frame, Defendants failed to adequately reimburse Plaintiff and Class Members for business expenditures incurred for the use of personal cell phones, which were required for the job. Plaintiff and Class Members spent significant time communicating on personal cell phones for work related matters, but were not reimbursed.

43. Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of total hours worked, including premiums due and owing for overtime pay, gross pay, and net pay figures from Plaintiff and the Class Members' wage statements.

44. Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a) failing to pay wages, including overtime and minimum wages;

(b) failing to provide accurate itemized wage statements;

(c) failure to reimburse business expenses; and

(d) failing to timely pay Plaintiff and Class Members;

45. In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

46. Plaintiff and Class Members they seek to represent are covered by, and Defendants

are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq*.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES INCLUDING OVERTIME**

**(Against All Defendants)**

47. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

48. At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

49. At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

50. At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated

damages payable to the employee, and any applicable penalties pursuant to Section 203.

51. Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

52. At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

53. At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately calculate overtime pay to Plaintiff and Class Members.

54. At all times relevant, Plaintiff and Class Members consistently worked off-the-clock to conduct pre-shift activities, which resulted in an inaccurate payment of minimum and overtime wages to Plaintiff and Class Members.

55. At all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiff and Class Members.

56. Accordingly, Defendants owe Plaintiff and Class Members minimum and overtime wages, and have failed to pay Plaintiff and Class Members their wages owed.

57. Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

**<u>SECOND CAUSE OF ACTION</u>**

**FAILURE TO PAY TIMELY PAY WAGES**

**(Against All Defendants)**

58. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

59. Labor Code §§201-202 requires an employer who discharges an employee to pay

compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

60. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

61. During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

62. As a result, Defendants are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**(Against All Defendants)**

63. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

64. Section 226(a) states that An employer, semi-monthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer.

65. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

66. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

67. Defendants have failed to accurately record all time worked.

68. Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

69. Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

70. Pursuant to Labor Code section 226.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

**FOURTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

**(Against All Defendants)**

71. Plaintiff incorporates and re-alleges each and every allegation contained above as

though fully set forth herein.

72. Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiff and on information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of personal cell phone usage, required supplies, which was incurred as a direct consequence of the discharge of duties by Plaintiff and Class Members. Defendants also failed to reimburse Plaintiff for personal protective equipment required to execute their job duties. Despite these realities of the job, Defendants failed to provide reimbursements for the use of personal cell phones, supplies, and mileage incurred, all necessary to carry out their job duties.

73. Labor Code §2804 states in pertinent part: “Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

74. As a result of the unlawful acts of Defendants, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys’ fees, and costs, pursuant to Labor Code § 2802.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That Plaintiff be appointed as the representative of the Subclass; and
4. That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

On the First Cause of Action

1. For compensatory damages equal to the unpaid balance of minimum wage compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

2. For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4. For such other and further relief as the Court deems proper.

On the Second Cause of Action

1. For statutory penalties pursuant to Labor Code §203;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On theThird Cause of Action

1. For statutory penalties pursuant to Labor Code §226;

2. For interest for wages untimely paid;

3. For penalties pursuant to Labor Code §266.3; and

4. For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1. For statutory penalties pursuant to Labor Code §2802;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1. That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to accurately pay overtime, failing to pay minimum wages, failing to pay wages in a labor-code compliant instrument, failing to accurately record and pay sick pay, failing to provide accurate itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2. For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: May 13, 2026

JAMES HAWKINS APLC

By: */s/ Gregory Mauro*

JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
LAUREN FALK, ESQ.
AVA ISSARY, ESQ.

Attorneys for Plaintiff GARRIAN DESHONE ADAMS, individually and on behalf of all others similarly situated.

CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026. I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Northern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: May 13, 2026

*/s/ Gregory Mauro*
Gregory Mauro